IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMMANUEL SETH COVINGTON, | : |
| HILDA LEAH FLOYD, (Mother of a Minor Child E.C.) | : |
| Petitioners | : |
| | : |
| v. | : CIVIL ACTION NO. RDB-07-2712 |
| | : |
| | : |
| STATE OF MARYLAND (The Attorney General) | : |
| | : |
| Respondent | : |

**MEMORANDUM OPINION**

On January 3, 2006, Emmanuel Seth Covington was released on mandatory supervision[1] from the Maryland Division of Correction where he was serving a sentence of fifteen years, all but seven years suspended, as a result of his January 9, 2003, *Alford* [2] plea to charges of first degree assault and use of a handgun in the commission of a felony.[3] Petitioner and his mother, Hilda Leah Floyd, now petition the Court to overturn the conviction.[4] For the reasons set out herein, the Court concludes that the pending application must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for

---

[1] This information was obtained from the Division of Correction's data processing department.

[2] In *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the Supreme Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

[3] This information is contained in several habeas corpus petitions previously filed with the Court. *See Covington v. Stouffer, et al.,* Civil Action No. RDB-04-648 (D. Md. 2004); *Covington v. Stouffer, et al.*, Civil Action No. RDB-05-2397 (D. Md. 2005).

[4] Covington and Floyd also contend that subsequent to his release they have been subjected to harassment by police who question Covington in connection with other crimes and search their apartment each week. The role of the apartment management company in this activity is also implicated by Covington and Floyd. To the extent they wish to seek money damages or other relief with regard to such action they may do so by filing a civil rights action. These claims will not, however, be considered by this Court in connection with the above-captioned habeas corpus application.

an order authorizing the district court to consider his application.[5]  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  The pending application is beyond doubt a successive one.  Before this Court may review the merits of the Petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A);[6] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Petitioner Covington has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Accordingly, the instant action shall be dismissed without prejudice.

October 24, 2007                                    /s/
                                                    _____
                                                    RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE

---

[5] From submissions in prior habeas corpus actions in this Court, it is apparent that Covington is now 22 years of age.  While he may seek habeas corpus relief, his mother, who was not convicted of the crimes with which her son was charged, has no standing to petition this Court under the habeas corpus statutes.

[6] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."